Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 853-0117
Email: mtc@angstman.com

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>TIMOTHY D. SEMONES and<br>SUSAN C. DESKO<br><br>      Debtors.<br><br>―――――――――――――<br><br>ETA COMPUTE, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>TIMOTHY D. SEMONES and<br>SUSAN C. DESKO,<br><br>      Defendants. | Case No. 19-40057-JMM<br><br><br><br><br><br><br>Adversary Case No. 19-08028-JMM |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## NON-DISCHARGEABILITY COMPLAINT

The Defendants Timothy D. Semones ("Semones") and Susan C. Desko ("Desko") (collectively "Defendants"), by and through their counsel of record, ANGSTMAN JOHNSON, hereby submit their answer to Plaintiff's Non-Dischargeability Complaint ("Complaint") in this case as follows:

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 1**

Matter: 13099-003

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint unless expressly and specifically admitted.

## JURISDICTION AND VENUE

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint. Additionally, pursuant to Fed. R. Bankr. Proc. 7012(b), the Defendants consent to entry of final orders or judgments by the Bankruptcy Court in this matter.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. With regard to the allegations in Paragraph 15 of the Complaint, Defendants deny that Tim Semones is an officer of Susan Desko, P.C. Defendants admit the remaining allegations in Paragraph 15 of the Complaint.

## GENERAL ALLEGATIONS

16. With regard to the allegations contained in paragraph 16 of the Complaint, Defendants admit only that Semones was the CFO of Eta. The remaining allegations require conjecture and as such Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 18 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 29 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

30. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 30 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

31. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 31 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

32. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 32 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

33. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 33 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 35 of the Complaint on the grounds that they relate to statements made during

compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

36. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 36 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

37. Defendants are unable to admit or deny the truth of the allegations contained in Paragraph 37 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore the Defendants deny the allegations in Paragraph 38.

39. Defendants are unable to admit or deny the truth of the statements made in Paragraph 39 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408

40. Defendants are unable to admit or deny the truth of the statements made in Paragraph 40 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408

41. Defendants are unable to admit or deny the truth of the statements made in Paragraph41 of the Complaint on the grounds that they relate to statements made during

compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408

42. Defendants admit the allegations in Paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 44 of the Complaint and, therefore, deny the same.

45. With regard to the allegations contained in paragraph 45 of the Complaint, Defendants admit that Semones sent an email to Raghavan at approximately 8:42 a.m. which attached a Wells Fargo bank statement for Eta's Wells Fargo bank account with an ending balance as of November 26, 2018. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 45 and, therefore, deny the same.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 46 of the Complaint and, therefore, deny the same.

47. Defendants are unable to admit or deny the truth of the statements made in Paragraph 47 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 48 of the Complaint and, therefore, deny the same.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 49 of the Complaint and, therefore, deny the same.

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 6**

Matter: 13099-003

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 50 of the Complaint and, therefore, deny the same.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 51 of the Complaint and, therefore, deny the same.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 52 of the Complaint and, therefore, deny the same.

53. Defendants are unable to admit or deny the truth of the statements made in Paragraph 53 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

54. Defendants are unable to admit or deny the truth of the statements made in Paragraph 54 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

55. Defendants are unable to admit or deny the truth of the statements made in Paragraph 55 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

56. Defendants are unable to admit or deny the truth of the statements made in Paragraph 56 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

57. Defendants are unable to admit or deny the truth of the statements made in Paragraph 57 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

58. Defendants are unable to admit or deny the truth of the statements made in Paragraph 58 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

59. Defendants are unable to admit or deny the truth of the statements made in Paragraph 59 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

60. Defendants are unable to admit or deny the truth of the statements made in Paragraph 60 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

61. Defendants are unable to admit or deny the truth of the statements made in Paragraph 61 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

62. Defendants are unable to admit or deny the truth of the statements made in Paragraph 62 of the Complaint on the grounds that they relate to statements made during

compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

63. Defendants are unable to admit or deny the truth of the statements made in Paragraph 63 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

64. Defendants are unable to admit or deny the truth of the statements made in Paragraph 64 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

65. Defendants are unable to admit or deny the truth of the statements made in Paragraph 65 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

66. Defendants are unable to admit or deny the truth of the statements made in Paragraph 66 of the Complaint on the grounds that they relate to statements made during compromise negotiations which are not admissible to prove or disprove the validity or amount of a disputed claim pursuant to Federal Rule of Evidence 408.

67. Defendants admit the allegations in Paragraph 67 of the Complaint.

68. Defendants admit the allegations in Paragraph 68 of the Complaint.

69. Defendants admit the allegations in Paragraph 69 of the Complaint.

With regard to the allegations contained in paragraph 70 of the Complaint, the Defendants admit that Eta filed an action in the United States District Court for the District of Idaho against the Defendants and assert that the Complaint in that action speaks for itself.

70. With regard to the allegations contained in paragraph 71 of the Complaint, the Defendants admit that Eta filed an Ex Parte Application for Writ of Attachment and supporting memorandum in the District Court action and assert that the documents filed in that action speak for themselves.

71. Defendants admit the allegations in Paragraph 72 of the Complaint.

72. Defendants admit the allegations in Paragraph 73 of the Complaint.

73. Defendants admit the allegations in Paragraph 74 of the Complaint.

74. Defendants admit the allegations in Paragraph 75 of the Complaint.

75. With regard to the allegations contained in paragraph 76 of the Complaint, the Defendants admit that a Show Cause Order was entered in the District Court action and assert that the document speaks for itself.

76. Defendants admit the allegations in Paragraph 77 of the Complaint.

77. Defendants admit the allegations in Paragraph 78 of the Complaint.

78. Defendants admit the allegations in Paragraph 79 of the Complaint.

79. With regard to the allegations contained in paragraph 80 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself.  The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

80. With regard to the allegations contained in paragraph 81 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself.  The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 10**

Matter: 13099-003

81. With regard to the allegations contained in paragraph 82 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself. The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

82. With regard to the allegations contained in paragraph 83 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself. The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

83. With regard to the allegations contained in paragraph 84 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself. The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

84. With regard to the allegations contained in paragraph 85 of the Complaint, the Defendants assert that the AAP Agreement speaks for itself. The Defendants deny any allegations contained in this paragraph that conflict with the AAP Agreement.

85. Defendants admit the allegations in paragraph 86 of the Complaint..

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 87 of the Complaint and, therefore, deny the same.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 88 of the Complaint and, therefore, deny the same.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 89 of the Complaint and, therefore, deny the same.

89. With regard to the allegations contained in paragraph 90 of the Complaint, the Defendants admit that a Motion to Vacate was filed in the District Court action and assert that the document speaks for itself.

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 11**

Matter: 13099-003

90. With regard to the allegations contained in paragraph 91 of the Complaint, the Defendants assert that the Motion to Vacate and supporting Memorandum speaks for itself.

91. With regard to the allegations contained in paragraph 92 of the Complaint, the Defendants assert that the Motion to Vacate and supporting Memorandum speaks for itself.

92. Defendants admit the allegations in Paragraph 93 of the Complaint.

93. With regard to the allegations contained in paragraph 94 of the Complaint, the Defendants assert that the Declaration speaks for itself. The Defendants specifically deny any allegations in paragraph 94 that conflict with the Declaration.

94. Defendants admit the allegations in Paragraph 95 of the Complaint.

95. Defendants deny the allegations in Paragraph 96 of the Complaint.

96. Defendants admit the allegations in Paragraph 97 of the Complaint.

97. Defendants admit the allegations in Paragraph 98 of the Complaint.

98. With regard to the allegations contained in paragraph 99 of the Complaint, the Defendants admit that their counsel did in fact serve an accounting document and assert that the accounting speaks for itself. The Defendants specifically deny that the accounting was incomplete.

99. With regard to the allegations contained in paragraph 100 of the Complaint, the Defendants assert that the accounting document speaks for itself. The Defendants specifically deny any allegations in paragraph 100 that conflict with the accounting document.

100. With regard to the allegations contained in paragraph 101 of the Complaint, the Defendants admit that their counsel received several emails from Eta's counsel on January 9, 2019, and assert that those emails speak for themselves. The Defendants specifically deny any allegations in paragraph 101 that conflict with the language in the emails.

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 12**

Matter: 13099-003

101. Defendants admit that the emails discussed and attached as Exhibit B were sent to Defendants. However, Defendants state that the documents in Exhibit B speak for themselves, and the Defendants deny any allegations in paragraph 102 that conflict with the emails themselves.

102. Defendants admit that Mr. Kurtz sent the email described in Paragraph 103 of the Complaint, and assert that the emails speaks for itself. The Defendants specifically deny any allegations in paragraph 103 that conflict with the language in the email or the accounting document attached to the email.

103. Defendants admit the allegations in Paragraph 104 of the Complaint that their counsel sent an email on January 11, 2019. The Defendants assert that the email speaks for itself. The Defendants specifically deny any allegations in paragraph 104 that conflict with the language in the email.

104. Defendants admit the allegations in Paragraph 105 of the Complaint.

105. Defendants admit the allegations in Paragraph 106 of the Complaint.

106. Defendants admit the allegations in Paragraph 107 of the Complaint.

107. Defendants admit the allegations in Paragraph 108 of the Complaint.

108. With regard to the allegations in Paragraph 109 of the Complaint, the Defendants admit that the District Court entered a January 18, 2019, Order, and assert that the Order speaks for itself. The Defendants specifically deny any allegations in paragraph 109 that conflicts with the January 18, 2019, Order.

109. With regard to the allegations in Paragraph 110 of the Complaint, the Defendants admit that the District Court entered a January 18, 2019, Order, and assert that the Order speaks

for itself. The Defendants specifically deny any allegations in paragraph 110 that conflicts with the January 18, 2019, Order.

110. With regard to the allegations in Paragraph 111 of the Complaint, the Defendants admit that the District Court entered a January 18, 2019, Order, and assert that the Order speaks for itself. The Defendants specifically deny any allegations in paragraph 111 that conflicts with the January 18, 2019, Order.

111. Defendants admit the allegations in Paragraph 112 of the Complaint.

112. Defendants admit the allegations in Paragraph 113 of the Complaint.

113. Defendants admit the allegations in Paragraph 114 of the Complaint.

114. Defendants admit the allegations in Paragraph 115 of the Complaint.

115. The statements in Paragraph 116 require no answer. To the extent an answer is deemed required, the Defendants reiterate their answers to the preceding paragraphs.

116. With regard to the allegations contained in paragraph 117, the Defendants admit that Semones had rightful access to Eta's bank accounts in order to transfer and control funds of Eta. All other allegations contained in this paragraph are denied.

117. Defendants admit the allegations in paragraph 118 of the Complaint.

118. Defendants deny the allegations in paragraph 119 of the Complaint.

119. Defendants deny the allegations in paragraph 120 of the Complaint.

120. Defendants deny the allegations in Paragraph 121 of the Complaint.

121. Defendants admit the allegations in Paragraph 122 of the Complaint.

122. Defendants admit the allegations in Paragraph 123 of the Complaint.

123. Defendants deny the allegations in Paragraph 124 of the Complaint.

124. Defendants deny the allegations in Paragraph 125 of the Complaint.

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 14**

Matter: 13099-003

125. Defendants deny the allegations in Paragraph 126 of the Complaint.

126. Defendants deny the allegations in Paragraph 127 of the Complaint.

127. The statements in Paragraph 128 require no answer. To the extent an answer is required, the Defendants reiterate their previous responses.

128. Defendants deny the allegations in Paragraph 129 of the Complaint.

129. Defendants deny the allegations in Paragraph 130 of the Complaint.

130. With regard to the allegations in Paragraph 131 of the Complaint, the Defendants states that the January 18, 2019, Order speaks for itself, and does not contain any legal conclusions by the District Court.

131. Defendants deny the allegations in Paragraph 132 of the Complaint.

132. Defendants deny the allegations in Paragraph 133 of the Complaint.

133. Defendants deny the allegations in Paragraph 134 of the Complaint.

134. Defendants deny the allegations in Paragraph 135 of the Complaint.

135. The Complaint contains what is commonly referred to as a "Prayer for Relief." No response to the Prayer for Relief is necessary. However, to the extent a response is deemed necessary, the Defendants deny that Eta Compute is entitled to the relief sought.

/

/

/

/

/

/

/

**PRAYER FOR RELIEF**

WHEREFORE, the Defendants pray for relief from the Complaint as follows:

1. That the Complaint be dismissed with prejudice.

2. That the Defendants be awarded their reasonable attorney fees and costs incurred in defending the Complaint.

3. For such other relief as this Court deems just and equitable.

DATED this 31st day of May, 2019.

                                        /s/  Matt Christensen
                                        MATTHEW T. CHRISTENSEN
                                        Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2019, I filed the foregoing ANSWER electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen        mtc@angstman.com
J Michael Keyes               keyes.mike@dorsey.com


Any others as listed on the Court's ECF Notice.


      /s/  Matt Christensen
    Matthew T. Christensen

**DEFENDANTS ANSWER TO PLAINTIFF'S NON-DISCHARGEABILITY COMPLAINT – PAGE 17**

Matter: 13099-003